IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| IN RE DOMINION DENTAL SERVICES USA, INC. DATA BREACH LITIGATION | Civil Action No. 1:19-cv-01050-LMB-MSN |

**DEFENDANT PROVIDENCE HEALTH PLAN'S MOTION TO DISMISS
PLAINTIFFS' FIRST CONSOLIDATED CLASS ACTION COMPLAINT**

Defendant Providence Health Plan ("Providence"), by and through undersigned counsel, hereby moves to dismiss all claims asserted against Providence in the First Consolidated Class Action Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Plaintiffs are suing Dominion Dental and its affiliates (collectively referred to herein as "Dominion") based on allegations there is a risk that their personal information was accessed by third persons as a result of a flaw in Dominion's data security systems.  One of the six plaintiffs, Mark Bradley ("Bradley"), asserts a claim against Providence Health Plan ("Providence"), an Oregon health insurer who contracted with Dominion for the administration of certain dental benefits.  Bradley contends that Dominion's failings constitute a breach of his contract with Providence or, in the alternative, that Providence is somehow liable to him in tort for failing to "ensure" that Dominion protected his data.

The First Consolidated Class Action Complaint (the "Complaint") fails to state a claim against Providence and is otherwise properly dismissed for the following reasons:

- Bradley's claim that he is subject to an increased risk of identity theft or other harm based on "a mere compromise of personal information" is not sufficient to support standing.

- Bradley fails to state a claim against Providence for breach of contract for the simple reason that he does not—and cannot—identify or allege any contractual obligation that Providence breached. Bradley alleges that Providence represented business associates such as Dominion who received information from Providence were required, by contract and federal law, to protect the privacy of his data—and it was.

- There is no common law duty to "ensure" that business associates comply with their contractual commitments to protect information that is shared with them, and no such duty is imposed on Providence by the Health Insurance Portability and Accountability Act ("HIPAA") or 15 U.S.C. § 45 (what plaintiffs refer to as the "FTC Act").

- Finally, as a matter of Oregon law, the damages sought by Bradley constitute economic loss that is not recoverable in tort from Providence.

Accordingly, Providence respectfully requests that the Court dismiss all claims against it in the First Consolidated Class Action Complaint, for a lack of standing and a failure to state a claim upon which relief can be granted. The grounds for Providence's instant Motion are more fully set forth in the Memorandum of Law filed contemporaneously herewith, as supported by the Declaration of Daniel P. Reing (and associated exhibits).

DATED: December 13, 2019 Respectfully submitted,

/s/ Daniel P. Reing

**DAVIS WRIGHT TREMAINE LLP**
Daniel P. Reing, Esq. (VSB # 73348)
1919 Pennsylvania Ave., NW, Suite 800
Washington, DC 20006
(202) 973-4200
(202) 973-4499 (facsimile)
danielreing@dwt.com

Brad Fisher, Esq. (*pro hac vice*)
Rachel Hill Herd, Esq. (*pro hac vice*)

2

3

        920 Fifth Avenue, Suite 3300
        Seattle, Washington 98104
        Tel: (206) 757-8042
        Email: bradfisher@dwt.com
           rachelherd@dwt.com

*Counsel for Providence Health Plan*

## **CERTIFICATE OF SERVICE**

I, Daniel P. Reing, certify that on December 13, 2019, I caused a copy of the foregoing to be served upon all parties via this Court's CM/ECF system.

*/s/ Daniel P. Reing*
Daniel P. Reing